UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SKYLINE DESIGN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:12-cv-10198 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| MCGRORY GLASS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Skyline Design, Inc. brought this lawsuit against Defendant McGrory Glass, Inc., alleging that McGrory violated a federal copyright law, 17 U.S.C. § 501, by "importing, distributing, offering for sale, and selling" "architectural glass bearing decorative etchings" that infringe Skyline's copyright. R. 30, Amend. Compl. ¶ 1.[1] McGrory now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), R. 25, Mot. J. Pleadings, and to dismiss for failure to state a claim under Rule 12(b)(6), R. 32, Mot. Dismiss. For the reasons discussed below, both motions [R. 25, 32] are denied.

**I. Background**

In 2003, Skyline created an etching design for architectural glass and named it "the Sateen." Amend. Compl. ¶ 16. Three years later, Skyline submitted a copyright application for "Sateen," disclosing a glass panel with a pattern of

---

[1] This Court has subject matter jurisdiction under 28 U.S.C. § 1331. This action is brought pursuant to federal copyright law. *See* 17 U.S.C. § 501. Citations to the docket are indicated by "R." followed by the docket entry.

randomly spaced lines of varying widths etched into both sides. Mot. Dismiss, Exh. 1. Several photographs were included with the application: a color photo of Sateen and black-and-white views of the pattern used in Sateen at scales of 100%, 116%, 132%, and 164%. Mot. Dismiss, Exh. 1; Amend. Compl., Exh. A. In the "Nature of Authorship" section on the Sateen copyright application Form VA, Skyline initially marked "3-Dimensional sculpture," "2-Dimensional artwork," and "Architectural work." Amend. Compl., Exh. A. In describing the "Nature of this Work," Skyline wrote "Decorative Architectural Glass Etching." *Id.* And in its materials deposited with the Copyright Office, Skyline stated that Sateen was "TWO SIDED," a "Surface etch pattern on two sides," and that there were "Patterns on both sides." *Id.*

On July 12, 2006, Copyright Examiner Cynthia Hutchins informed Skyline that Sateen could not be registered as claimed because "there doesn't appear to be anything in the deposit material to support claims in '3-Dimensional Sculpture' and 'Architectural Work.'" Mot. Dismiss, Exh. 1. On Hutchins's recommendation, Skyline agreed to amend its application by removing the claims for "3-Dimensional Sculpture" and "Architectural Work," leaving only the claim for "2-Dimensional Artwork." *Id.* In response to a separate concern by Ms. Hutchins concerning the originality of Sateen, Skyline noted that when the Sateen pattern is "etched on the front and back of a piece of glass the slightly 'off' character on both sides creates a discontinuity in the glass that . . . gives [Sateen its] copyrightable and unique character." *Id.* Eventually, the Copyright Office issued the copyright certificate for

Sateen, under U.S. Copyright Registration No. VA 1-364-683 (the Sateen Copyright). Amend. Compl. ¶ 17; *id.* Exh. A.

In April 2007, Skyline sent a cease and desist letter to McGrory containing a copy of the Sateen Copyright, alleging that McGrory was infringing the Sateen Copyright. Amend. Compl. ¶ 44. McGrory then reviewed its product line, but did not identify any of its products as substantially similar to the Sateen Copyright, and asked Skyline for additional information regarding the basis for the infringement allegation. *Id.* ¶ 43. Skyline did not respond to McGrory's request for additional information until August 28, 2012, when Skyline sent McGrory a second letter alleging infringement of the Sateen Copyright. *Id.* ¶ 43; Amend. Compl. ¶ 44.

In December 2012, Skyline filed this lawsuit against McGrory. R. 1, Compl. Skyline alleges that McGrory infringes the Sateen Copyright by importing, offering for sale, and/or selling glass that it designates "MII-247." Amend. Compl. ¶ 46. MII-247 is supplied to McGrory by OmniDecor, S.p.A. under the name "Bi-Rain," R. 23, Amend. Answer ¶ 24, and is a glass panel with a pattern of parallel lines etched into both sides, *Id.* Exh. 2. OmniDecor also supplies McGrory with a glass panel that uses the same pattern as MII-247 but only etched on a single side. *Id.* Exh. 1. The single-sided version is supplied under the name "Rain." *Id.* ¶ 50. McGrory offers Bi-Rain glass for sale in the United States. *Id.* ¶ 27.

## II. Legal Standards

### A. Motion for Judgment on the Pleadings

A party may move for judgment on the pleadings after the pleadings are closed. Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998). In ruling on a motion for judgment on the pleadings, the Court must "accept as true all well-pleaded allegations," *Forseth v. Vill. of Sussex,* 199 F.3d 363, 368 (7th Cir. 2000), and view the alleged facts in the light most favorable to the non-moving party, *Flenner v. Sheahan,* 107 F.3d 459, 461 (7th Cir. 1997). Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party can prove no set of facts sufficient to support its claim for relief. *Id.* In ruling on a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer, and any documents attached as exhibits. *N. Ind.,* 163 F.3d at 452.

### B. Motion to Dismiss

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). A "complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And the allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 679.

### III. Analysis

McGrory moves to dismiss Skyline's amended complaint and for judgment on the pleadings. First up for discussion is the motion for judgment on the pleadings, which turns out to be the broader motion—in the sense that if the amended complaint survives the motion for judgment on the pleadings, it will survive the dismissal motion, too. That is because McGrory attached exhibits to its pleading and relies on those exhibits in support of the motion for judgment on the pleadings. So McGrory's motion for judgment on the pleadings has more ammunition than the dismissal motion. For the reasons that follow, the Court denies both motions.

### A. Motion for Judgment on the Pleadings

To prove copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Janky v. Lake Cnty. Convention & Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "Because direct evidence of copying often is unavailable, copying may be inferred where the defendant had access to the copyrighted work and the accused

work is substantially similar to the copyrighted work." *Atari, Inc. v. N. Am. Philips Consumer Elec.s Corp.*, 672 F.2d 607, 614 (7th Cir. 1982).

A copyright registration made either before publication or within five months after the initial publication constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate. *See* 17 U.S.C. § 410(c). The certificate in this case was issued within that time frame, so the prima facie presumption arises. Against this, McGrory argues that the Sateen pattern is not copyrightable because it lacks creativity. As a fall-back argument, McGrory contends that, even if Sateen is copyrightable, what Skyline claimed in the copyright application process is very narrow and not infringed by McGrory's patterns. And as final argument, even if Skyline has a valid copyright in what Skyline says is the scope of the copyright, McGrory maintains that McGrory's patterns are not substantially similar to Sateen.

**1. Copyrightable Material**

The first issue is whether the material claimed in the Sateen Copyright is even copyrightable at all. To be copyrightable a work must (1) be created independently by the author, and (2) possess a modicum of creativity. *Feist Publ'ns, Inc.*, 499 U.S. at 345; *see, e.g.*, *Fooey Inc. v. Gap, Inc.*, No. 12 C 5713, 2013 WL 2237515, at *2-3 (N.D. Ill. May 17, 2013) (noting that angling and the inclusion of a "single loop" in a line meet the creativity requirement from *Feist*). Moreover, copyright expression extends only to works and not to ideas. 17 U.S.C. § 102(b); *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 939 (7th Cir. 1989).

The authorship requirement is not at issue; McGrory has not alleged, nor do the pleadings suggest, that Skyline did not independently create the Sateen pattern etched on glass. McGrory instead argues that many elements of the Sateen pattern are not copyrightable because they are insufficiently original or because they fall on the wrong side of the idea vs. expression dichotomy. For instance, McGrory argues the Sateen Copyright attempts to copyright the idea of woven fabric on glass, the idea of varied lines on glass, and the vertical application of the Sateen pattern to glass. R. 25, Judgment Pleadings at 8-11. McGrory also argues that the pattern is too utilitarian and simple to achieve copyright protection. *Id.* The Court does not agree.

The deposit that Skyline registered with the Copyright Office possesses more than a mere modicum of creativity. The vertical lines are of varied widths, are unevenly spaced, and subtly run toward (and then away from) one another, splitting and rejoining. The effect of this is to create a sort of rhythm, both from side-to-side, as well as vertically down, the two-dimensional surface—not altogether unpleasing to the eye even when etched on only one side of the glass. Like paintings that do not purport to depict specific objects, the design is non-representative, consisting of a collection of abstract shapes. And, like paintings that do not purport to depict specific objects, the abstractness of the design does *not* render it unoriginal or non-creative. This is not merely the copyrighting of the idea of woven fabric on glass, or the idea of varied lines, but rather the expression of those ideas via a creative and

original design.[2] Although there is some utilitarian value (light diffusion and privacy) to having the Sateen pattern on glass, that utilitarian value does not foreclose the copyrightability of the pattern.

## 2. Scope of the Registration

Turning now to McGrory's registration-scope argument, Skyline says that the Sateen Copyright covers a two-dimensional but *double*-sided piece of glass that has the Sateen pattern etched on both sides. Pl's Opp. to Def's Mot. to Dismiss at 4 (citing the Sateen Copyright's registration history). McGrory counters that because Skyline marked the "Nature of Authorship" box labeled "2-dimensional artwork" on its copyright application, the Sateen Copyright can only cover a *single*-sided, two-dimensional Sateen pattern. Mot. Dismiss at 5-6. As explained next, the Court largely agrees with Skyline: Skyline's copyright protects the double-sided Sateen pattern on glass.

Before explaining why the double-sided pattern is protected, however, it is worth noting that the Court does not endorse Skyline's broadest argument on this issue. Skyline argues that it is possible for an ostensibly three-dimensional item, such as a piece of paper, to be double-sided and receive copyright protection as a two-dimensional, double-sided work. Even if that proposed principle is correct, it does not apply here. A piece of paper may be literally three-dimensional, but its

---

[2] The creativity of the design expressed on only one side of glass is a closer question than the double-sided glass design that serves as the focus of this dispute. This is because much of the effect of Skyline's design comes from the interaction between the glass's depth and the offset etchings: the double-sided glass visibly shimmers, appearing to ripple as it is viewed from different angles. For the reasons discussed, however, the Court finds that even the single-sided glass has at least a modicum of creativity. *Feist Publ'ns*, 499 U.S. at 345.

third dimension—the thickness of the paper—is so negligible that the design on paper really has just two dimensions. For most designs on a piece of paper, the third dimension adds little-to-nothing to the work. Here, however, the third dimension of the two-sided Sateen pattern on glass is important to its expression. The Sateen pattern is etched on both sides of a glass, and the pattern on one side is offset from the pattern on the other, which creates a distinctive "shimmering, water-like" look from the three-dimensionality of the glass. *See* R. 40, Pl.'s Opp. Mot. Dismiss at 4-5. As the angle of the observer's view of the glass changes, the offset lines overlap in different places, creating the so-called "shimmering" effect; were the glass as flat as a piece of paper, the same visual effects would not be achieved. Thus, without depth—the third dimension—Sateen's two-sided glass design would be static. In seeking to characterize its copyrighted glass as effectively two-dimensional, Skyline seeks protection for an effect that cannot exist without a third dimension. Yet Skyline argues that the design is essentially two-dimensional. That is wrong: a double-sided piece of Sateen glass is not, as Skyline claims, "a planar 2D-like object." Pl.'s Opp. Def.'s Mot. Dismiss at 5.

Although Skyline's broadest argument is rejected, the Court does agree that Skyline did not artificially limit the scope of its copyright by marking, in the "Nature of Authorship" section of the application, the box labeled "2-dimensional artwork." Remember that the application also had boxes for "3-Dimensional sculpture" and "Architectural work," and that Skyline had initially checked-off those boxes, too. Neither of those categories is obviously preferable to "2-

9

dimensional artwork." A flat piece of glass with no substantially raised areas does not naturally fit as a "3-Dimensional sculpture," nor is it necessarily a work of architecture. And none of the other categories even come close.[3] Due to such difficulties of classification, neither the statutory framework nor case law requires that the "Nature of Authorship" label confines the Sateen Registration to a single-sided pattern. Misstatements in copyright registrations (if this could even be characterized as a misstatement) do not invalidate the registration when those errors are inadvertent and immaterial. 17 U.S.C. § 411(b)(2); s*ee also Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1155-57 (9th Cir. 2010); *Gallup, Inc. v. Kenexa Corp.*, 149 F. App'x 94, 96 (3d Cir. 2005); *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161-62 (1st Cir. 1994). And the administrative classification of the work is not dispositive to determining the rights provided by the work. 17 U.S.C. § 408(c)(1) ("This administrative classification of works has no significance with respect to the subject matter of copyright or the exclusive rights provided by this title."); *see also L. Batlin & Son, Inc. v. Snyder*, 536 F.2d 486, 490 n.2 (2d Cir. 1976) (holding that a copyright "obtained for a 'Work of Art,' [] may be treated as one obtained for 'reproductions of a work of art,' since errors in classification do not invalidate or impair copyright protection under th[e] express language of 17 U.S.C. [§] 5" (internal citation omitted)). Therefore, the "Nature of Authorship" check-box does not dictate interpreting Skyline's Sateen copyright as a two-dimensional, single-sided object.

---

[3] The other not-even-close options were "Reproduction of a work of art"; "Map"; "Photograph"; "Jewelry design"; "Technical drawing"; and "Text." *See* R. 25-3, Exh. 2, Certificate of Registration.

10

Having determined that the copyright's scope will not be decided entirely by the "Nature of Authorship" category, it is time to examine what else is detailed in the Registration. The remainder of the Registration sufficiently describes a three-dimensional glass design that includes, within its scope, the double-sided etching. First, Sateen's Registration does describe the "Nature of This Work" as a "Decorative Architectural Glass Etching." R. 25-3, Exh. 2, Certificate of Registration at 2. Unlike the "Nature of Authorship" section, which is limited by check-boxes with predefined labels, the "Nature of This Work" is a blank line for the applicant to fill-in. Although "Decorative Architectural Glass Etching" does not expressly say that the etching is on both sides of the glass, that description does not in any way imply that the etching is only single-sided. *See id.* And by saying that the etching is on glass, the Registration does suggest that the work is three dimensional, rather than the mere pattern design set on paper. Although it would have been helpful for Skyline to go into more detail in describing its work, the Registration form provides very little room for detail—as it is, Skyline's terse description uses all of the space available. *Id.* There often will be just one more detail a party could add to its copyright Registration.

There is more to support the double-sided interpretation than the Nature of Work description. During the application process, Skyline deposited materials with the Copyright Office which describe the work as having "Patterns on both sides" and being a "Surface etch pattern on two sides." Exh. 2, Certificate of Registration at at 6-7. Thus, when viewed through the non-movant-favorable lens of a motion for

11

judgment on the pleadings, the scope of the copyright does include the three-dimensional, double-sided glass etching, and Skyline has successfully stated a claim for relief, s*ee Flenner,* 107 F.3d at 461.[4]

### 3. Copyright Infringement

The final issue is whether Skyline has sufficiently pled that its copyright is infringed by McGrory's glass patterns. The Seventh Circuit uses the substantial similarity test to determine whether a copyright has been infringed. *Wildlife Express Corp. v. Carol Wright Sales, Inc.*, 18 F.3d 502, 508-09 (7th Cir. 1994). The first step under this test is to ask whether the alleged infringer had access to the copyrighted work. *Id.* at 508. Once access is established, the Court considers whether an ordinary observer would consider the allegedly infringing work to be substantially similar to the copyrighted work. *Id.* at 508-09.

---

[4] Relying on the deposited materials does not run afoul of the Copyright Office's practices guide, specifically § 619.08(a) of the Compendium II: Copyright Office Practices. Section 619.08(a) states that "[w]here the deposit material contains more authorship than is claimed on the application, the Copyright Office will ordinarily register the claim as submitted, without annotation." *Id.* As an example, the Compendium cites a "musical composition consisting of words and music [that] is deposited with an application naming only the author of the music." *Id.* Because "the words are not otherwise accounted for on the application[, t]he Copyright Office will accept the application as submitted." *Id.* In the present case, however, Skyline did *not* confine the application to single-sided, as explained in the text above. Nor does the Registration expressly state that the work is single-sided. To be sure, Skyline's deposited material does contain greater *detail* about the work than the application, but this will nearly always be the case. A description of a work will never encapsulate that work as perfectly as a photograph or copy of the work will. This cannot be a basis for limiting the scope of the registration to exclude any detail left ambiguous on the registration but clarified in the deposit. Second, the Compendium's example is of a far more extreme disparity than any found in this case. Words and music are different—in form, and, in the Compendium's specific example, in authorship. On the other hand, Sateen's front-side etching comprises the same form as the back-side etching, and shares the same authorship. So the deposited materials do not contain more authorship (or content) than claimed in the application.

Skyline alleges that McGrory had access to the copyrighted work because Skyline published examples of the glass etched with the Sateen pattern in print, in person, and online. R. 40-6, Newmark Decl. ¶¶ 14-15. With regard to online publication, in 2003, Skyline first published the Sateen pattern at www.skydesign.com/products/glass. The Internet already was widely used and accessible at that time. Because the non-movant is entitled to reasonable favorable inferences in evaluating a motion for judgment on the pleadings, the online publication is enough to establish access for purposes of denying McGrory's motion for judgment on the pleadings.

On the substantial-similarity element, the parties take differing views as to how the works should be evaluated. Skyline argues for a test that asks how a purchaser of architectural glass would view the two works, Pl.'s Opp. at 7-8, which would mean viewing the glass from a wider perspective. In contrast, McGrory advocates a more technical analysis, where the viewer would look up-close at small samples of each pattern. *See* Mot. Judgment Pleadings at 13. Both Skyline's and McGrory's proposed viewpoints miss the mark. First, although other circuits have adopted different tests for substantial similarity in varying circumstances, the Seventh Circuit has consistently held that substantial similarity is analyzed from the point of view of an ordinary observer. *See, e.g.*, *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2007) ("[W]hether the copying, if proven, went so far as to constitute an improper appropriation . . . leads us to the 'ordinary observer' test." (internal quotation omitted)). Second, an ordinary observer would

not parse small sections of the glass, as McGrory advocates, but rather would take in the glass as a whole as it would be installed in a building.

Applying this test here, the first comparison to make is between the single-sided Sateen pattern versus the single-sided Rain pattern. As glass designed to be installed in buildings, the glass is likely to be viewed in large swaths stretching both vertically and horizontally from several feet away. Viewed in this context, an ordinary observer looking at both Sateen and Rain etched on a single side of glass could consider them substantially similar. Both designs have repeated lines of similar yet varying widths and spacing etched into the glass, and look substantially similar when viewed in full from several feet away. Although there are differences in the patterns—Sateen's lines are subtly wavy while Rain's lines are perfectly parallel, *see* Mot. Judgment Pleadings at 13-14—these differences are minimal and do not destroy the substantial similarity between the two. Likewise, the Bi-Rain and two-sided Sateen designs each constitute double-sided versions of the pattern, slightly offset from front-to-back. The effect of the visual repetition is nearly identical: both designs produce a very similar shimmering appearance as the angle of view changes. If anything, the double-sided patterns on glass are even more similar than the single-sided patterns. Thus, for both the Rain and Bi-Rain patterns, the Court concludes that Skyline survives a motion for judgment on the pleadings.

## B. Motion to Dismiss

As noted above, surviving the motion for judgment on the pleadings means, in this case, surviving the dismissal motion. In its amended complaint, Skyline alleges that McGrory has infringed the Sateen Copyright by "making, distributing, importing, offering for sale, and/or selling decorative etched architectural glass." Amend. Compl. ¶ 52. In the dismissal motion, McGrory again argues that the Sateen Copyright protects only the *single*-sided, *two*-dimensional Sateen pattern. R. 32, Mot. Dismiss at 4-5. Based on that construction of the Sateen Copyright, McGrory further argues that the amended complaint does not meet the requirements of Federal Rule of Civil Procedure 8 because the amended complaint refers to a double-sided work and, according to McGrory, Skyline does not have a copyright in such a work because the Sateen Copyright is a single-sided work. *Id.* For the reasons discussed above, the Court rejects the single-sided-only interpretation of the copyright. And Skyline otherwise has adequately alleged a claim for copyright infringement.

## IV. Conclusion

For the reasons discussed above, McGrory's motion for judgment on the pleadings is denied and McGrory's motion to dismiss is denied. The next status hearing remains scheduled for February 6, 2014 at 9:30 a.m.

ENTERED:

      s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: January 23, 2014